IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GENERAL MOTORS CORP., | : | |
| | : | |
| Plaintiff, | : | No. 4:07-CV-1493 |
| | : | |
| v. | : | Judge Jones |
| | : | |
| SABLE MOTOR CO., INC., <u>et al.</u>, | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM AND ORDER

### January 3/ , 2008

## THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

Pending before this Court are two submissions, entitled "Preliminary Objections: Motion to Dismiss pursuant to F.R.Civ.Pro. 12(b)(6),"[1] filed by all Defendants[2] to this action. (<u>See</u> Rec. Docs. 9, 11). For the reasons that follow, we will deny both Motions.

## <u>PROCEDURAL HISTORY</u>:

---

[1] We would advise defense counsel to refrain from referencing "preliminary objections," which are filed in state court, in future filings in federal court. Rather, as defense counsel recognizes, such filings should reference Federal Rule of Civil Procedure 12(b)(6). <u>See</u> Fed. R. Civ. P. 12(b)(6).

[2] The following are named as Defendants in this action: Sable Motor Co., Inc. ("SMC"), Jack Sable ("Jack"), Morry Sable ("Morry"), Herc, Inc. ("HERC"), and Anthony Horbal ("Horbal").

On August 14, 2007, Plaintiff General Motors Corporation ("Plaintiff" or "GM") initiated this action by filing a Complaint. (See Rec. Doc. 1). The Complaint contains only one (1) count, which seeks "specific performance and enforcement" for an alleged breach of contract. Id. at 6.

On September 4, 2007, all Defendants filed their initial Motion to Dismiss (doc. 9), and on September 10, 2007, they filed their second Motion to Dismiss (doc. 11). As Plaintiff's counsel aptly noted (see doc. 19 at 4 n.1),[3] although Defendants' sole brief in support (doc. 15) of the Motions parallels the three (3) argument structure outlined in the initial Motion (doc. 9), rather than the four (4) argument structure outlined in the apparently amended Motion (doc. 11), Defendants' supporting brief actually appears to address all four arguments in the latter Motion,[4] and, accordingly, it is the Motion (doc. 11) which we will address substantively. As Plaintiff's counsel also noted (doc. 19 at 5), because Defendants presented matters outside of the pleadings in support of their Motion and this Court has not excluded the same, this Court must treat the Motion as one for

---

[3] In the same footnote, Plaintiff also ponders whether Defendants' apparently amended Motion is permitted under the Federal Rules of Civil Procedure. Plaintiff's question is a legitimate one, but as both Motions appear to raise largely the same issues, it is one that we need not address at this juncture.

[4] Defendants' second argument in their supporting brief (doc. 15) appears to combine Defendants' second and third arguments in the Motion (doc. 11).

summary judgment. <u>See</u> Fed. R. Civ. P. 12(d).

The period in which Defendants could have filed a reply to the Motion has expired, and, thus, the Motion is ripe for our disposition.

## STANDARD OF REVIEW:

Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); <u>see also</u> <u>Turner v. Schering-Plough Corp.</u>, 901 F.2d 335, 340 (3d Cir. 1990). The party moving for summary judgment bears the burden of showing "there is no genuine issue for trial." <u>Young v. Quinlan</u>, 960 F.2d 351, 357 (3d Cir. 1992). Summary judgment should not be granted when there is a disagreement about the facts or the proper inferences that a fact finder could draw from them. <u>See</u> <u>Peterson v. Lehigh Valley Dist. Council</u>, 676 F.2d 81, 84 (3d Cir. 1982).

Initially, the moving party has a burden of demonstrating the absence of a genuine issue of material fact. <u>See</u> <u>Celotex Corporation v. Catrett</u>, 477 U.S. 317, 323 (1986). This may be met by the moving party pointing out to the court that there is an absence of evidence to support an essential element as to which the non-moving party will bear the burden of proof at trial. <u>See</u> <u>id.</u> at 325.

Rule 56 provides that, where such a motion is made and properly supported, the non-moving party must then show by affidavits, pleadings, depositions,

answers to interrogatories, and admissions on file, that there is a genuine issue for

trial.  <u>See</u> Fed. R. Civ. P. 56(e).  The United States Supreme Court has commented

that this requirement is tantamount to the non-moving party making a sufficient

showing as to the essential elements of their case that a reasonable jury could find

in its favor.  <u>See</u> <u>Celotex</u>, 477 U.S. at 322-23 (1986).

It is important to note that "the non-moving party cannot rely upon

conclusory allegations in its pleadings or in memoranda and briefs to establish a

genuine issue of material fact."  <u>Pastore v. Bell Tel. Co. of Pa.</u>, 24 F.3d 508, 511

(3d Cir. 1994) (citation omitted).  However, all inferences "should be drawn in the

light most favorable to the non-moving party, and where the non-moving party's

evidence contradicts the movant's, then the non-movant's must be taken as true."

<u>Big Apple BMW, Inc. v. BMW of North America, Inc.</u>, 974 F.2d 1358, 1363 (3d

Cir. 1992) (citations omitted).

Still, "the mere existence of *some* alleged factual dispute between the parties

will not defeat an otherwise properly supported motion for summary judgment; the

requirement is that there be no *genuine* issue of *material* fact."  <u>Anderson v.

Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986).  "As to materiality, the

substantive law will identify which facts are material."  <u>Id.</u> at 248.  A dispute is

considered to be genuine only if "the evidence is such that a reasonable jury could

return a verdict for the nonmoving party." Id.

## STATEMENT OF MATERIAL FACTS:

Initially, we note that, apparently due to the circumstances under which this Motion came to be treated as one seeking summary judgment, neither counsel afforded the Court with the separate Statement of Material Facts required by Local Rule 56.1. Accordingly, our recitation of the material facts is drawn from our review of the Complaint and Exhibits attached thereto (see doc. 1), the relevant Motion and its supporting Exhibits (see doc. 11), and the Exhibits attached to each side's briefs (see docs. 15, 19).

Our review of the aforementioned documents revealed that the following facts appear to be undisputed, and, thus, we mention them only to provide background.[5] This breach of contract action arises out of Jack and Morry's (also, "Sable brothers") entry into an Asset Purchase Agreement with HERC, which was intended to transfer to HERC essentially all of the assets of the Sable brothers' Chevrolet dealership, SMC. Recognizing that the terms of the Dealer Sales and Service Agreement between SMC and GM required GM approval of such a transfer, the Asset Purchase Agreement contained at least one (1) condition precedent: HERC obtaining GM's approval. When GM denied approval of the

---

[5] Accordingly, should this matter proceed to trial, our recitation herein is not admissible.

sale to HERC, SMC and the Sable brothers filed a formal protest of GM's rejection with the State Board of Vehicle Manufacturers, Dealers, and Salespersons ("the Board").  A hearing on the protest was scheduled for May 23, 2007.

However, the hearing scheduled for May 23, 2007 did not occur.  The reason said hearing did not take place is vigorously contested, and is critical to resolution of the instant matter.  Plaintiff contends that the May 23, 2007 hearing did not occur because, on same date, the parties <u>agreed to settle</u> the protest filed with the Board; on the other hand, Defendants contend that hearing did not occur because, on same date, the parties were <u>negotiating</u> as to a potential settlement.  In support of its assertion that a settlement was reached, Plaintiff indicates that "there was mutual assent of the parties" and that "General Motors has been advised that the only reason that the defendants did not execute the Termination and Release Agreement was because they simply changed their minds."  (Rec. Doc. 1 at ¶¶ 23, 26).  In support of Defendants' apparent <u>legal</u> argument that no such settlement agreement was reached (<u>see</u> doc. 11, ¶ 17 (therein, defense counsel acknowledges that "General Motors and the parties <u>agreed</u> to resolve the matter" (emphasis added))), Defendants assert that during the May 23, 2007 negotiations, Jack told his then attorney Christina Malkin, Esq. ("Ms. Malkin"), that he did not want to

6

settle the matter (doc. 15 at 9), and that she apparently did so without the necessary authority.

**DISCUSSION:**

The instant Motion seeks dismissal of Plaintiff's Complaint in its entirety. (See Rec. Doc. 11 at 9). In support of such dismissal, Defendants argue: 1) Horbal and HERC were not parties to SMC and the Sable brothers' protest to the Board, leaving them without "standing or authority to enter into discussions" with GM (doc. 15 at 6); 2) "the negotiations held on May 23, 2007 did not constitute mutual assent" between SMC, Jack, Morry, and GM; and 3) "the discussions on May 23, 2007 did not result in the formation of an oral contract." (Rec. Doc. 15 at 6, 7, 10 (emphasis omitted)). In support of their latter two arguments, Defendants point to such circumstances as: 1) the Board's issuance of a Second Amended Scheduling Order on May 25, 2007, which implies that no agreement had been reached (see doc. 15-10, exh. I); 2) Jack's purported statement to Ms. Malkin on May 23, 2007; and 3) the Termination and Release Agreement forwarded to Ms. Malkin, which contained a provision indicating that it would be "deemed withdrawn and shall be null and void and of no further force or effect unless this Agreement is executed fully and properly by Dealer and is returned to GM on or before June 25, 2007." (Rec. Doc. 15 at 4-5, 9 (quoting Rec. Doc. 15-11, Exh. J, ¶ 8)).

In response, Plaintiff asserts: 1) "[t]he status of HERC and Horbal as non-parties to the protest proceedings is irrelevant" because "[s]tatus as a car dealer or as a party to litigation is plainly not a prerequisite to an agreement" with GM; 2) "[n]either events subsequent to May 23, nor defendants' unsupported claim that counsel exceeded her authority on May 23, establish the lack of an enforceable agreement"; and 3) "[t]he Dealer Agreement does not require that an agreement to settle a dispute between the parties be in writing." (Rec. Doc. 19 at 5-6, 7, 12).

Upon our thorough review of the record and the applicable legal principles, we conclude that Defendants are not entitled to summary judgment at this juncture. We so conclude for several reasons.

First, assuming arguendo that defense counsel had not conceded that the parties agreed to settle their dispute, we would find that none of the documents currently before us eliminate the genuine issue of material fact as to whether a contract was formed on May 23, 2007. Indeed, as Plaintiff's counsel aptly notes, neither the Board's May 25, 2007 Second Amended Scheduling Order nor the Termination and Release Agreement are conclusive evidence that no contract had been formed. Rather, as to the Second Amended Scheduling Order, this Court is well-aware that there is a distinction between administrative treatment of the apparent resolution of pending disputes, and the issue of contract formation. As

Plaintiff's counsel noted:

> As no closing papers had been filed, the protest remained just that, a pending matter.  The issuing of an amended scheduling order can and should be viewed as nothing more than the product of a governmental agency carrying out its function in a routine and orderly fashion.  It cannot and should not be viewed as indisputable proof that there was no mutual assent to the terms of the settlement.

(Rec. Doc. 19 at 8).  With respect to that provision of the Termination and Release Agreement that set a date by which it was to be executed, we note that: 1) said provision does not definitively establish the document as merely an offer, see Ketchum v. Conneaut Lake Co., 163 A. 534, 535 (Pa. 1932) (noting that "[w]here the parties have agreed orally to all of the terms of their contract, and a part of a mutual understanding is that a written contract embodying these terms shall be drawn and executed by the respective parties, such oral contract may be enforced, though one of the parties thereafter refuses to execute the written contract."); and 2) the emails between counsel for weeks following the execution deadline, June 25, 2007, demonstrate that "both sides were treating the agreement reached May 23 not as null and void, but as alive and well."[6] (See Rec. Docs. 19 at 10; 11 at ¶¶

---

[6] Notably, insofar as the emails could be read to indicate that counsel were negotiating the terms of a settlement, they may constitute support for the proposition that no agreement between the parties was reached on May 23, 2007.  However, at this juncture, we are required to make all inferences in favor of the non-moving party, Plaintiff, and, thus, said emails are not sufficient to overcome Plaintiff's assertions that an agreement was reached on May 23, 2007.  This is particularly true given: 1) defense counsel's apparent concession that an agreement was reached on May 23, 2007, and 2) the absence of deposition testimony from all relevant parties to this

25-29).

Second, as Plaintiff's counsel aptly argues, defense counsel's legal arguments similarly fail to require summary judgment in favor of any Defendant at this juncture. Specifically, we agree that Defendants' first argument, that Horbal and HERC's lack of involvement in the protest before the Board precluded them from entering into a contract with GM, is unpersuasive because no such requirement to contracting with GM exists. Moreover, Defendants' final argument, which asserts that Article 17.11 of the Standard Provisions of the Dealer Sales and Service Agreement required the settlement to be in writing, is also unpersuasive. Our review of Article 17.11's complete text reveals that it was clearly intended to preclude parole evidence and that it is apparently not applicable to these circumstances, where the existence of the written Termination and Release Agreement, drafted by counsel for GM (see doc. 15 at 5), clearly indicates GM's approval of the document.

## **CONCLUSION:**

For all of the aforestated reasons, both of Defendants' Motions (docs. 9, 11) will be denied.

———————————

action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**:

1.   Defendant's latter Motion to Dismiss (doc. 11), which we are

     obligated to construe as a Motion for Summary Judgment, is

     **DENIED**.

2.   Defendant's initial Motion to Dismiss (doc. 9) is **DENIED** as moot.

 

 

_____

John E. Jones III
United States District Judge